996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mitchell POSIN, Defendant-Appellant,
and
Willie Dawson, Defendant.
 No. 92-15188.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1993.*
Decided June 29, 1993.
 
 1
 Before: NORRIS and RYMER, Circuit Judges, and TAYLOR, District Judge**
 
 
 2
 MEMORANDUM***
 
 
 3
 Mitchell Posin, an attorney, appeals the denial of his motion to quash a grand jury subpoena to testify regarding whether he informed his client, Willie Dawson, of the sentencing date. Dawson, after pleading guilty to a crime, had failed to appear at sentencing.
 
 
 4
 Posin first argues that disclosure of whether he informed his client of the sentencing date would violate the attorney-client privilege.[1] "The attorney-client privilege protects confidential information disclosed by a client to an attorney in order to obtain legal assistance." United States v. Gray, 876 F.2d 1411, 1415 (9th Cir.1989), cert. denied 495 U.S. 930 (1990). In Gray, we held that "information concerning a defendant's obligation to appear for sentencing is not 'of a confidential nature' and therefore, is not protected by the attorney-client privilege." Id. at 1415 ( citing United States v. Freeman, 519 F.2d 67, 68 (9th Cir.1975)).[2] See also 8 Moore's Federal Practice § 6.07 at 6-209 (1993) ("whether the attorney notified the client of a trial or grand jury date" is not confidential). Thus, compliance with the subpoena would not violate the attorney-client privilege.
 
 
 5
 Posin also seeks to quash the subpoena on the ground that attorney ethical canons prohibit him from testifying as to whether he informed his client of the sentencing date without his client's consent. We do not read the ethical canons as prohibiting compliance with a subpoena to disclose the unprivileged information sought by the government in this case. Cf. United States v. Perry, 857 F.2d 1346, 1350 (9th Cir.1988) ("We are unaware of any ethical canon requiring an attorney to withdraw from representation merely for complying with a subpoena to produce unprivileged information."); In re Grand Jury Subpoenas (Anderson), 906 F.2d 1485, 1498 (10th Cir.1990) (holding that duty of confidentiality under state ethical code based on ABA Model Rules negated "when a court orders a lawyer to testify").
 
 
 6
 Finally, Posin argues that disclosing the information required by the subpoena would violate his client's Sixth Amendment right to effective assistance of counsel. The government argues that Posin's Sixth Amendment claim is foreclosed by Tornay v. United States, 840 F.2d 1424 (9th Cir.1988), in which we rejected a Sixth Amendment challenge to a summons ordering an attorney to disclose information about fees paid by his client. The government's reliance on Tornay is misplaced. In Tornay, we rejected the Sixth Amendment claim because the right to counsel had not attached at the time the summons was issued. Id. at 1429. Here, defendant Dawson's right to counsel had attached at the time the subpoena was issued because he had been indicted for the underlying offense.
 
 
 7
 The general rule is that "[a]n actual conflict between the attorney and his client must be shown before the subpoena's service infringes the defendant's rights." 8 Moore's Federal Practice § 17.11 at 17-39 (1993). The highly speculative possibility that Dawson would be distrustful of Posin for compliance with a subpoena to disclose unprivileged information does not qualify as the "actual conflict" necessary to sustain a Sixth Amendment challenge.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Gary Taylor, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review this mixed question of law and fact de novo. United States v. Gray, 876 F.2d 1411, 1415 (9th Cir.1989), cert. denied 495 U.S. 930 (1990)
 
 
 [2]
 Posin attempts to distinguish Gray on the ground that, in Gray, the attorney who had provided the testimony no longer represented the defendant, whereas, in this case, Posin still represents defendant Dawson. But the application of the privilege does not turn on whether an attorney continues to represent a client. In fact, the privilege continues even after the attorney ends her representation of the client. Charles W. Wolfram, Modern Legal Ethics 255 (1986)